[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this action by writ, summons and complaint dated April 23, 1994. The complaint has five counts, to wit:
 Count 1 — Breach of expressed agreement of January 15, 1984, and written agreement.
 Count 2 — Breach of implied agreement.
Count 3 — Unjust enrichment.
Count 4 — Fraud. CT Page 4692
Count 5 — CUTPA violation.
The court has found, from the evidence presented, that defendant D'Abrile,[1] a limited partner in 907 Piedmont Associates, solicited and induced the plaintiff to loan defendant Neil Perone the sum of $10,000. A promissory note was delivered, which provided for payment to be made on January 15, 1984. The check from the Gugels to Neil Perone of 907 Piedmont Associates was dated February 22, 1984.
The note securing the $10,000 loan was dated January 15, 1984, and contained the following language: "Neil T. Perone [signature] for 907 Piedmont Associates. Payment guaranteed." The note was further signed by "Neil T. Perone, President of Neil T. Enterprises Ltd., General Partner for 907 Piedmont Associates."
The note has never been repaid.
The issues presented in this matter are:
1. Has the statute of limitations run on all or any of the claimed counts.
2. Is Neil Perone liable individually because of the alleged individual guarantee.
The court will address the second issue first since if it fails to find that a personal guarantee existed, then it need not consider this issue of the statute of limitations.
The defendant, in its brief, indicates that the case of DeCarlo andDoll, Inc. v. Solid Waste Disposal, Inc., of Connecticut, Superior Court, judicial district of New Haven at New Haven, Docket No. 336027 (April 12, 1995, Moran, J.), is dispositive of this case. The court disagrees. There are many factual findings which were made in DeCarlo which do not appear in this case. Nonetheless, this conclusion alone still does not dissuade the court from agreeing with the defendants that the notation and signature by Perone does not constitute a personal guarantee.
There is no question that the plaintiff knew who the principal was. There was full disclosure. There was actual knowledge here, as well as, "disclosed" knowledge.
However, the court must look to Connecticut General Statutes "[s]ection 42a-3-403 [which provides] in part [that] . . . [a]n authorized representative who signs his own name to an instrument . . . is personally CT Page 4693 obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity." UniversalLightning Rod, Inc. v. Rischall Electric Company, Inc., 24 Conn. Sup. 399,401 (1963). The case which appears to this court to be controlling isUniversal Lightning Rod, Inc. v. Rischall Electric Company, Inc.,24 Conn. Sup. 399 (1963).
On the basis of the above, the court concludes that the defendant did not sign in a representative capacity, but rather, signed in his individual capacity.
The court next turns to the question of the defense's of the statute of limitations.
From the evidence presented, the court finds that the plaintiff did not receive notice of the defendants' reentry into Connecticut until October 24, 1991. On this basis, all further claims as to the applicable statute of limitations must fail. Similarly, the equitable defense of laches also fails. The court has not been shown to its satisfaction that there was a prejudicial delay detrimental to the defendant.
Judgment is entered in the amount of $33,788 against 907 Piedmont Associates and against Neil T. Perone.
Mihalakos, J.